## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason Appel, | Civ. No. 13-1671 (DSD/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Federal Home Loan Mortgage Corporation, | |
| Defendant. | |

Susanne Marie Glasser, Esq., Attorney at Law; and William B. Butler, Esq.,[1] Butler Liberty Law, LLC, counsel for Plaintiff.

John L. Krenn, Esq., and Kelly W. Hoversten, Esq., Gray Plant Mooty Mooty & Bennett, PA; Lucia Nale, Esq., Maritoni D. Kane, Esq., and Thomas V. Panoff, Esq., Mayer Brown LLP.

---

[1] A disciplinary action against Mr. Butler is pending in the District of Minnesota based upon his noncompliance with sanctions orders in several foreclosure related actions. Dist. of Minn. Civ. File No. 13mc49 MJD, *In the Matter of the Petition for Disciplinary Action Against William Bernard*. On December 26, 2013, the Eighth Circuit issued an order suspending Mr. Butler from practice before the Eighth Circuit "until he has either paid the sanctions ordered by the United States District Court for the District of Minnesota, or the District of Minnesota has made findings that he has substantially complied with his obligations to it." Order of 12/26/13, *In re: William Bernard Butler*, No. 13-9013 (8th Cir.). On January 14, 2014, Mr. Butler was likewise suspended from practice in the District of Minnesota pursuant to Order issued by Chief Judge Michael J. Davis in the disciplinary matter.

**INTRODUCTION**

This action is before the undersigned on Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion to Dismiss.  (Doc. No. 23.)  The matter has been referred to the undersigned magistrate judge for report and recommendation to the District Court under 28 U.S.C. § 636(b)(1)(A), (B),  and Local Rule 72.1(c).

Like the many similar cases brought by Plaintiff's counsel William Butler, this is a suit brought by a homeowner seeking to invalidate the foreclosure of a mortgage on property to which the Plaintiff claims title, commenced after a foreclosure sale and expiration of the six month redemption period.  Plaintiff asserts three claims against Defendant:  (1) quiet-title, to determine adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment, and (3) slander of title.  This Court recommends that this Complaint, like the many other complaints lodged by Mr. Butler on behalf of other similarly situated plaintiffs, be dismissed with prejudice.  *See e.g., Novack v. JP Morgan Chase Bank, N.A.*, 12-589 DSD/LIB, 2012 WL 3638513 (D. Minn. August 23, 2012); *Haubrick v. U.S. Bank, N.A.*, 12-565 DSD/TNL, 2012 WL 3612023 (D. Minn. Aug. 21, 2012.)

**I.  BACKGROUND**

Plaintiff is a mortgage loan borrower from Minnesota.  Compl. ¶¶ 1 and 4. On August 29, 2003, Plaintiff executed a promissory note ("Note") for $180,000 with lender Advisor's Mortgage, LLC ("Advisor").  *Id.* ¶ 4; Hoversten Decl., Ex. B.

The Note was secured by a mortgage that Plaintiff also executed in favor of Advisor, and the mortgage named MERS as mortgagee, in a nominee capacity, for Advisor and Advisor's successors and assigns. Compl. ¶ 4, Ex. 1. The Mortgage grants the Lender (*i.e.*, Advisor, or its successors or assigns) the right to foreclose if Plaintiff fails to make his Note payments, and permits the transfer of the mortgage and rights in the property.

> This Security Instrument secures to the Lender:
>
> (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey *to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS*, with power of sale, the following described property…

*Id.*, Ex. 1 at p. 3 (emphasis added).

On February 28, 2008, MERS, as nominee for Advisor, assigned Plaintiff's mortgage to CitiMortgage, Inc. ("CitiMortgage"). *Id.* ¶ 15, Ex. 5. The assignment was recorded on March 6, 2008 in Hennepin County. *Id.*

The Complaint contains no express allegations that Plaintiff has defaulted on the Note (Plaintiff attempts to sidestep this by alleging that he has not defaulted on any obligation to defendant Freddie Mac versus CitiMortgage, *Id.* at ¶ 5), but the Complaint's allegations indicate Plaintiff has indeed defaulted. In particular, the Complaint and the documents attached regarding foreclosure proceedings indicate that Plaintiff defaulted on the Note and that there was a

3

foreclosure proceeding and sheriff's sale in 2011. *Id.* ¶¶ 16-18, Doc. No. 1-1 at 58).

On March 6, 2008, the law firm Usset, Weingarden & Liebo (the "Usset firm") recorded, in Hennepin County, a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage (the "Notice and POA"), executed by Nate Blackstun, Assistant Vice President of CitiMortgage. *Id.* ¶ 16, Ex. 6. The Notice and POA authorized the Usset firm, on behalf of CitiMortgage, to foreclose on the mortgage between Plaintiff and now CitiMortgage (as assigned from MERS). *Id.* On November 12, 2010, the Usset firm recorded in Hennepin County a Notice of Pendency to Foreclose, executed by Brian Liebo, attorney at Usset. *Id.* ¶ 17, Ex. 7. The Usset firm proceeded with foreclosure by advertisement. Plaintiff was given notice of the pending sheriff's sale, and the sale was completed on January 13, 2011, with CitiMortgage successfully bidding $118,900.00. *Id.* ¶ 18, Ex. 8. The Sheriff's Certificate of Sale memorializing the sale to CitiMortgage was recorded in Hennepin County on January 18, 2011. *Id.* Plaintiff's statutory six-month redemption period expired on July 13, 2011. *Id.* Plaintiff did not redeem within that period.

## II. PRIOR LITIGATION

On April 18, 2011, Plaintiff Jason Appel, along with 20 other named plaintiffs, filed a complaint in state court, Hennepin County, Minnesota, entitled *Jaakola v. CitiMortgage, Inc.*, Henn. Cty. No. 27-11-7755. The

4

defendants removed the complaint to federal court on May 16, 2011. *Id.*, Dist. of Minn. Civ. File No. 11-1272, (Doc. No. 1.) ("*Appel I*".) On July 27, 2011, the plaintiffs filed a notice of voluntary dismissal, and the Court entered an order for dismissal without prejudice on June 29, 2011. A*ppel I*, (Doc. Nos. 13 and 14.) The *Appel I* plaintiffs, including Jason Appel, then immediately re-filed their case along with plaintiffs from another multi-plaintiff case that had been similarly filed and voluntarily dismissed, *Lundeen v. CitiMortgage, Inc.*, Dist. of Minn. Civ. File No. 11-1604. The re-filed case was captioned *Peterson v. CitiMortgage, Inc.*, Henn. Cty. No. 27-1551 ("*Appel II*"). [2]

*Appel II* was filed in state court, Hennepin County, Minnesota on or about July 28, 2011. Hoversten Decl., Ex. C (*Appel II* Complaint). On August 18, 2011, the defendants removed the complaint to federal court. Dist. of Minn. Civ. File No. 11-2385, *Appel II*, (Doc. No. 1.)

Among other things, the *Appel II* complaint alleged generally that lender and servicer defendants, and unidentified others, securitized and sold plaintiffs' original notes into a mortgage-backed security. Hoversten Decl., Ex. C ¶¶ 50-51. The *Appel II* complaint further alleged generally that defendants CitiMortgage, MERS, MERSCORP, EverBank FSB, EverHome Mortgage

---

[2]   In *Appel II*, Judge Nelson observed that the *Appel I* plaintiffs voluntarily dismissed their case after Judge Frank issued a decision dismissing a similar case that Plaintiff's counsel brought on his own behalf, *Butler v. Bank of America, N.A.*, 2011 WL 2728321 (D. Minn. July 13, 2011), *aff'd*, 690 F.3d 959 (8th Cir. 2012).

Company, Federal National Mortgage Association and Freddie Mac (collectively, the "lender and servicer defendants") were involved with the foreclosures of 24 properties at issue, (*id.* ¶¶ 148-171); that the Usset firm ("law firm defendant") conducted non-judicial foreclosures on certain of the 24 properties, (*id.* ¶ 35); and that the lender and servicer defendants and the law firm defendant were not in possession of the original promissory notes, had no right, title or interest in those notes, and therefore were not entitled to enforce the notes, including exercising foreclosure rights.  (*Id.* ¶¶ 38-82.)  The *Appel II* plaintiffs also alleged that all defendants falsely claimed an interest in their properties. *Id.*

*Appel II* contained 21 counts.  Eleven counts were alleged against the lender and servicer defendants, seven were alleged against the lender and servicer defendants and the law firm defendant, two were alleged against other defendants, and one was alleged against the law firm defendant alone.  More specifically, claims alleged against the lender and servicer defendants—including Freddie Mac—were:  (1) defendants are not the holders of the original notes (Count I); (2) defendants are not holders in due course (Count II); (3) defendants are not real parties in interest (Count III); (4) defendants do not have legal standing to foreclose mortgages (Count IV); (5) demand to exhibit the original note (Count V); (6) the mortgages are not properly perfected (Count VI); (7) slander of title (Count VII); (8) conversion (Count VIII); (9) unjust enrichment (Count IX); (10) civil conspiracy (Count X); (11) breach of fiduciary duty (Count

6

XI); (12) fraud (Count XII); (13) negligent representation (Count XIII); (14) equitable estoppel (Count XV); (15) due process violation (Count XVI); (16) discharge of obligation (Count XVII); (17) qui tam-private attorney general enforcement of Minn. Stat. §§ 357.18, 508.82, and 508A.82 (Count XVIII); and (18) accounting (Count XIX).

The *Appel II* plaintiffs moved to remand and the defendants moved to dismiss.  On May 30, 2012, Judge Nelson issued a Memorandum Opinion and Order denying the plaintiffs' motion to remand, granting the defendants' motions to dismiss and dismissing all claims in *Appel II* with prejudice.  *Appel II*, Doc. No. 54.  On the same date, the Clerk entered a Judgment to that effect.  *Appel II*, Doc. No. 55.  On June 1, 2012, Judge Nelson issued an Amended Memorandum Opinion and Order, and  the  Clerk entered an Amended Judgment. *Appel II*, Doc. Nos. 56 and 57; Hoversten Decl., Ex. D (Amd. Opinion and Order and Amd. Judgment).  On June 27, 2012, the plaintiffs filed a notice of appeal to the Eighth Circuit.  *Appel II*, Docket No. 58.  On January 28, 2013, the Eighth Circuit affirmed the dismissal in its entirety and entered judgment.  404 F.3d 548 (8th Cir. 2013); Hoversten Decl., Ex. E.  The plaintiffs then filed a petition for rehearing and petition for rehearing *en banc*, which the Eighth Circuit denied.  Hoversten Decl., Ex. A (Order dated March 14, 2013).  Plaintiff did not appeal the Eighth Circuit's opinion and judgment to the Supreme Court within the applicable time period.

## III. PRESENT COMPLAINT

On June 26, 2013, nearly two years after the six-month statutory redemption period expired and over four months after the dismissal of *Appel II* was affirmed by the Eighth Circuit, Plaintiff filed the instant Complaint. Plaintiff again seeks to challenge the foreclosure of the mortgage on his home. The Complaint alleges that non-party CitiMortgage was involved with the foreclosure and that its claims to an interest in his property are void and the foreclosure is void. *See, e.g.*, Comp. ¶ 14 ("CitiMortgage … prosecuted the foreclosure"); *Id.* at ¶ 22 ("CitiMortgage … pursued this foreclosure"); *Id.* at ¶ 23 ("CitiMortgage did not have the legal authority to assign any interest, to execute foreclosure documents, to make a credit bid…, to exercise the power of sale…"); *Id.* at ¶ 41 ("CitiMortgage drafted and recorded documents that are false"). With regard to defendant Freddie Mac, the Complaint alleges that Freddie Mac purportedly had an unrecorded interest in Plaintiff's property based on the terms of Freddie Mac agreements—purported Seller/Servicer Guides and a Custodial Agreement, and a purported posting on Freddie Mac's website. *Id.* ¶¶ 6-9. Although there are no allegations connecting Freddie Mac to the foreclosure, the Complaint alleges that "Plaintiff specifically denies that [Freddie Mac] has or had a legal right to declare a default on the Note." *Id.* at ¶ 5.

## IV. ANALYSIS

### A. Standard of Review

In reviewing a motion for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.,* 511 F.3d 818, 820 (8th Cir.2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court is not required to credit legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009).

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, the motion must be treated as a motion for summary judgment. Fed.R.Civ.P. 12(d). But the court may consider materials that are necessarily embraced by the complaint, as well as any exhibits attached to the complaint, without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697 n. 4 (8th Cir.2003).

### B. Preclusion

Plaintiff's claims are precluded by the principles of res judicata (claim preclusion). With the instant Complaint, Plaintiff is challenging, for at least the

9

third time in this District, the foreclosure on his home.  First there was *Appel I*, then *Appel II*, and now this case.  *See* discussion in Sections II, *supra*.  Plaintiff is seeking to revive the same claims and the same issue of the validity of the foreclosure on his home that he unsuccessfully raised in *Appel II*.  As such, the instant Complaint should be dismissed in its entirety and with prejudice based on preclusion, as courts in this District have held in no less than four recent decisions involving Plaintiff's counsel.  *Richter v. Federal Nat. Mortg. Ass'n*, 2013 WL 3223377 (D. Minn. Jun. 25, 2013); *Pope v. Federal Home Loan Mortg. Corp.*, 2012 WL 2251001 (D. Minn. May 24, 1013); *Welk v. Federal Nat. Mortg. Ass'n*, 2013 WL 2155463 (D. Minn. May 17, 2013); *Butler v. Federal Nat. Mortg. Ass'n*, 2013 WL 2415701 (D. Minn. May 15, 2013).

In evaluating whether res judicata should bar a party from asserting a claim, a court must examine:   (i) whether there has been a final judgment on the merits; (ii) whether the court that issued the judgment was "of competent jurisdiction"; (iii) whether the person seeking to preclude a claim was a party or privy to a party in the first litigation; and (iv) whether the claim sought to be precluded either was actually litigated or is a claim that "might have been offered" in the first litigation.   *Butler*, 2012 WL 2415701, at * 6 (citing *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001)).  All four elements are clearly satisfied here.

The first three elements are obviously satisfied: (1) there was a final judgment on the merits in *Appel II;* (2) the court that issued the judgment in *Appel II* had jurisdiction over *Appel II*; and (3) Freddie Mac was a party to *Appel II*.

The fourth element is also met. The claims in *Appel II* and this action relate to the same piece of property and the same foreclosure sale. *Otis v. Burkholder*, 2011 WL 1990212, at * 3 (D. Minn. April 5, 2011). In *Appel II* Plaintiff sought to quiet title and made allegations about unrecorded mortgages, defendants' purported failure to comply with Chapter 580, and how the foreclosure was faulty. *See*, *e.g.*, *Appel II,* Am. Compl., Docket No. 3, August 28, 2013 Declaration of Kelly Hoversten, Ex. C, ¶ 50 (Defendants "securitized and sold Plaintiff's Original Notes into a 'pooling and servicing agreement'" which were "sold to third-party purchasers [] or 'mortgage-backed securities'"); ¶ 48 ("[t]hough [Defendants] assert legal title to the proceeds of the Original Notes and Mortgages, separate, distinct and unrelated entities own all rights to the Original Notes and Mortgages"); ¶ 105 ("Defendants do not have standing to enforce the Original Notes and Mortgages"); Prayer for Relief ("C. Determining that Defendants do not hold valid and enforceable mortgages on Plaintiffs' properties").

Plaintiff had a full and fair opportunity to litigate the claims he has raised in this case in *Appel II*. According to Plaintiff, Freddie Mac's purported interest in his mortgage existed prior to *Appel II*. The facts and claims in this case are

11

certainly facts and claims that "might have been offered" in *Appel II*. *Butler*, 2013 WL 2415701, at *6 (D. Minn. May 15, 2013). *See also Sonsalla v. Mortgage Electronic Registration System, Inc.,* 13-659 JRT/JSM, 2013 WL 4052825 at *2 (D. Minn. Aug. 9, 2013) (holding that the plaintiff was required to assert all alternative theories of recovery in the initial action"). And even assuming, *arguendo*, that the claims in the prior cases were different—it is clear that they are not—res judicata still bars Plaintiff's claims here if they *could have been brought* previously. *St. Paul Fire and Marine Inc. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 821 (8th Cir. 2008) ("[r]es judicata applies to all claims that could have been litigated in the earlier action").[3] A party that has a choice of remedies for a wrong may not assert them serially, but must advance claims all at once when those claims arise out of the same set of circumstances and share the same nucleus of common facts. Sabbia v. Marshall Fields, 06-3083 DWF/AJB, 2007 WL 671314 at *3 (D. Minn., Mar. 1, 2007) (citing Mills v. Des Arc Convalescent Home, 872 F.2d 823, 826 (8th Cir. 1989)).

---

[3] Because res judicata warrants dismissal with prejudice of this case, the Court will not extensively address collateral estoppel/issue preclusion. *See, e.g.*, *Richter*, 2013 WL 3223377, at *7. In any event, Plaintiff also appears to be collaterally estopped from raising the claims in the Complaint because the alleged invalidity of the foreclosure resulting from unrecorded assignment arising out of the securitization process was at issue in *Appel II* just as it is here. *Butler*, 2013 WL 2415701, at * 6-7 (citing *Anderson v. Genuine Parts Co*, 128 F.3d. 1267, 1273 (8th Cir. 1997).

# RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Federal Home Loan Mortgage Corporation's Motion to Dismiss [Docket No. 23] be **GRANTED** and this matter be **DISMISSED WITH PREJUDICE**.


Date:  January 23, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 7, 2014,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.